PER CURIAM:
Claimant brought this action for vehicle damage when a rock slide occurred on State Route 49 in Lynn, Mingo County, causing damage to his 2000 Chevrolet S-10 truck. State Route 49 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:35 a.m. on December 23, 2009. State Route 49 is a paved, two-lane road with a yellow center line and white edge lines. At the time of the incident, Claimant was driving to work. As he was traveling around a curve in the right lane of travel, rocks fell onto the roadway approximately fifty feet from the top of the hill side to his left. One of the rocks that fell onto the roadway was the size of a 4-wheeler. Claimant testified that there were no warning signs in this area. After the incident, the Claimant stayed at the scene of the rock slide to warn other drivers of this hazard. Claimant stated that he travels this road on a regular basis, and this was the first rock slide that he had seen in this area. Claimant incurred towing expenses, and his vehicle sustained damage to its two tires, idle arm, front bumper air dam, and inspection plate, totaling $542.00. *159 Claimant had only liability insurance coverage.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 49 in Mingo County. Michael Spry, Transportation Crew Supervisor for Respondent in Mingo County, testified that he is familiar with this rock slide incident. It was declared that Mingo County was in a state of emergency due to the snow storm that had occurred that week. The DOH 12, a record of Respondent’s daily work activity, indicates that Respondent received an emergency call and responded to the rock slide on December 23,2009. There were no rock fall warning signs in this area.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). This Court has consistently held that the unexplained falling of a boulder or rock debris on the road surface in insufficient to justify an award. Coburn v. Dep’t of Highways, 16 Ct. Cl. 68 (1986). In order to establish liability on behalf of Respondent, the evidence must establish that Respondent had notice of the dangerous condition posing the threat of injury to property and a reasonable amount of time of take suitable action to protect motorists. Alkire v. Div. of Highways, 21 Ct. Cl. 173 (1997).
In the instant case, the Court finds that Respondent did not have notice of the rock slide on State Route 49. Rock slides are infrequent in this area. Respondent responded to this incident as soon as it was made aware of the problem. Thus, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to deny this claim.
Claim disallowed.